UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BLUE RIVER ENVIRONMENTAL AND RESTORATION SERVICES, INC., HIS CONSTRUCTORS, INC., HIS MANAGEMENT CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> LEGACY RESTO, LLC, CHRIS MCCORMICK, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 1:23-cv-00405-MPB-MKK |

### ORDER

This matter comes before the Court on Defendant Legacy Resto, LLC's Motion to Stay Court Deadlines Pending Resolution of its Motion to Dismiss, Dkt. [37]. The motion was referred to the undersigned for ruling. For the reasons set forth below, the Court **DENIES** Defendant's motion.

District courts have "extremely broad discretion" in deciding whether a stay of discovery should issue. *United States ex rel. Robinson v. Indiana University Health, Inc.*, No. 1:13-cv-02009-TWP-MJD, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015). "Filing a motion to dismiss does not automatically stay discovery." *Red Barn Motors, Inc. v. Cox Enters., Inc.*, No. 1:14-cv-1589-TWP-DKL, 2016 WL 1731328, at *2 (S.D. Ind. May 2, 2016). As a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." *Id.* Courts generally disfavor

stays of discovery because they bring resolution of the dispute to a standstill. *Am. Senior Communities, LLC v. Burkhart*, No. 1:17-cv-3272-TWP-DML, 2019 WL 415614, at *2-3 (S.D. Ind. Feb. 1, 2019).

The party seeking a stay of discovery "bears the burden of proof to show that the Court should exercise its discretion in staying the case." *Id*. In order to meet its burden, the "movant must show that good cause exists for the stay" of discovery. *Id*. The Court uses the following three factors to determine if good cause exists: "the prejudice or tactical disadvantage to the non-moving party; whether or not issues will be simplified . . .; and whether or not a stay will reduce the burden of litigation on a party." *Johnson v. Navient Solutions, Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015). The decision whether to stay must be made on a case-by-case basis. *United Leasing, Inc. v. Xcelerate Auto, LLC*, No. 3:22-cv-76-RLY-MPB, 2022 WL 18540544, at *2 (S.D. Ind. Nov. 18, 2022).

Defendant Legacy Resto, LLC ("Legacy") argues that the Court should stay all case deadlines, including any discovery or requirements related to the June 20, 2023 preliminary injunction hearing, as they relate to Legacy. (Dkt. 37). Legacy argues that it should not be required to participate in the case until the issue of its personal jurisdiction is resolved; Plaintiffs will not be prejudiced by a stay; and a stay would reduce the burden of litigation and is in the interest of judicial efficiency. (Dkt. 37 at 4-8; Dkt. 46).

Plaintiffs maintain in response that consideration of the three factors should result in a finding that a stay is unnecessary. (Dkt. 45). Specifically, Plaintiffs

contend that Legacy is unlikely to succeed on its personal jurisdiction motion; Plaintiffs have suffered and continue to suffer irreparable harm; there is no material difference in the discovery burden whether the motion to stay is granted or not; and the parties can conduct jurisdictional discovery and brief the personal jurisdiction dispute while concurrently completing the expedited preliminary injunction discovery and hearing, which would be the most efficient use of the parties' and Court's resources. (*Id.*).

As to the first factor, Plaintiffs would certainly be prejudiced by a stay in this case, especially as to the preliminary injunction proceedings, given the allegation of past and present harm occurring. As to the second factor, whether the stay would simplify the issues or streamline trial, the case would be streamlined insofar as one of the defendants would be terminated if the motion to dismiss were granted – however, as Plaintiffs point out, the discovery needed from both Legacy and McCormick would largely overlap. The situation presented by this case is unique, as only one of two defendants requests a stay – perhaps more uniquely, the company defendant seeks a stay while the part-owner defendant does not.

As to the third factor, reducing the burden of litigation on the parties or court, the undersigned cannot say with confidence that staying all case deadlines as to Defendant Legacy only would reduce the burden of litigation on the court or the parties. This is especially so because the parties have only been authorized to pursue a limited universe of discovery targeted to jurisdictional and injunction-related issues, all of which will conclude in advance of the June 2023 injunction

hearing. (*See* Dkts. 18, 47). Perhaps more importantly, that same discovery will be conducted regardless of whether Legacy is dismissed, because discovery will proceed as ordered as to Defendant McCormick.

As such, the Court concludes that Defendant Legacy has not met its burden of establishing that good cause exists for a stay of all case deadlines and discovery. However, the Court will note that Legacy does not waive its personal jurisdiction defense by participating in injunction-related discovery or hearings.

For the reasons stated herein, Defendant Legacy Resto, LLC's Motion to Stay Court Deadlines Pending Resolution of its Motion to Dismiss, Dkt. [37], is **DENIED**.

So ORDERED.

Date: 5/4/2023

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email